222                    May 25, 2023                    No. 17

IN THE OREGON TAX COURT
REGULAR DIVISION

Cindy GUA,
*Plaintiff,*
*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant.*

(TC 5453)

In this personal income tax case, Plaintiff submitted a motion to stay their obligation to pay the tax assessed, based on undue hardship. Defendant argued the motion to stay payment should be denied because Plaintiff's affidavit was internally inconsistent. Alternatively, Defendant argued that more information was needed before the court could rule. The court ordered additional substantiation of hardship.

Submitted on Plaintiff's motion for stay of payment of income tax.

Cindy Gua, Plaintiff, filed the motion *pro se*.

Brian Collins, Assistant Attorney General, Department of Justice, Salem, filed a response for Defendant.

Decision rendered May 25, 2023.

**ROBERT T. MANICKE, Judge.**

On or about April 19, 2023, Plaintiff filed a complaint contesting personal income tax deficiency assessments for tax years 2016, 2017, 2018 and 2019. ORS 305.419(1) generally requires payment of any net income tax assessed, as well as penalties and interest, on or before the filing of a complaint in this division. However, when a taxpayer files a motion and affidavit alleging "undue hardship," this court may stay all or any part of that payment if the court finds that immediate payment would result in an undue hardship. ORS 305.419(3). Tax Court Rule (TCR) 18 C provides procedures for adjudicating allegations of undue hardship.

This matter is before the court on Plaintiff's Motion for Stay of Payment of Income tax, filed on or about the same

date as the complaint. The motion asks the court to find that payment at this time would present an undue hardship under ORS 305.419(3). Plaintiff included with her motion a signed and notarized affidavit on the form provided by the court. The affidavit discloses monthly income somewhat in excess of living expenses, no real property, no vehicles other than a motorcycle, cash and bank accounts totaling approximately two months' income, and other personal property valued at about three months' income in total.

On or about May 22, 2023, Defendant filed a response to Plaintiff's motion, supported by a declaration by one of Defendant's auditors. Defendant argues that, on its face, Plaintiff's affidavit is internally inconsistent because it discloses monthly income from a "[s]hare of profits as a member of an LLC" but fails to list any limited liability company interests or ownership in any business in the section provided for "All Property or Other Assets."

Defendant also argues that the affidavit is unreliable unless Plaintiff substantiates it with additional evidence. Defendant's declaration alleges that Plaintiff has filed no tax returns for the years at issue, even though she is an owner and managing member of four active marijuana-related businesses in Oregon, at least one of which filed marijuana sales tax returns from which Defendant estimates that Plaintiff as owner derived substantial income. Defendant also filed with this division copies of two orders in the Magistrate Division case from which Plaintiff appeals. The magistrate's Order Denying Plaintiff's Motion for Summary Judgment recites that the total of the amounts shown in Defendant's notices of assessment for the four years at issue is $869,979.87. That order directs Plaintiff, by a date certain, to send any documents to Defendant to correct the assessment amounts. The magistrate's subsequent Order of Dismissal dismisses Plaintiff's appeal for failure to submit trial exhibits by the exchange deadline, failure to appear at trial, and failure to communicate with the court.

TCR 18 C(3)(b) provides, in relevant part:

"The defendant may file objections to the motion for stay of payment within 30 days following service of the motion. If the defendant objects to the motion and the court cannot

determine from the plaintiff's affidavit whether payment of the tax, penalty, and interest would be an undue hardship, the court may require the plaintiff to submit further proof of hardship in writing or the court may schedule a hearing for that purpose."

In light of Defendant's response, the court finds that it cannot determine from Plaintiff's affidavit whether payment of the tax, penalty, and interest would be an undue hardship. The court orders Plaintiff to substantiate her affidavit by submitting the following further proof of hardship:

(1)   All tax returns of Plaintiff filed with the Internal Revenue Service for tax periods in 2018 through April 30, 2023;

(2)   All Internal Revenue Service Forms W-2, 1099 (of any kind), or K-1 directed to Plaintiff for tax periods in 2018 through April 30, 2023;

(3)   A declaration identifying all income or gifts, not reported under items 1 or 2 above, that Plaintiff realized or received from January 1, 2018, through April 30, 2023;

(4)   Monthly statements for any bank, brokerage firm, or other financial institution with which Plaintiff held an account, including balances and monthly transactions, for January 1, 2020, through April 30, 2023;

(5)   Monthly credit card statements for all credit cards, including balances and itemized transactions, for January 1, 2020, through April 30, 2023; and

(6)   Any property tax statement issued in 2018 through April 30, 2023, for property held by Plaintiff.

All documents must be attached to a new form entitled Affidavit of Income, Assets, and Expenses, and Plaintiff must sign page three of that form before a notary public. Plaintiff must file the new Affidavit and attachments with the court, and deliver a copy to Defendant's counsel, on or before June 30, 2023. Now, therefore,

IT IS SO ORDERED.